**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 20, 2016
Date Decided: July 8, 2016

Robert E. Taglialatela, Jr.                    Phyllis T. Galvin
3011 Almond Street
Philadelphia, PA 19134

Re:   *Taglialatela v. Galvin*,
       C.A. No. 5841-MA

Dear Litigants:

Before me are the Plaintiff's Exceptions to the Master's Final Report of February 23, 2015.[1] The Plaintiff took exceptions in a timely manner and briefing on the exceptions was completed by May 5, 2015. Although the parties were proceeding *pro se*, I confess I found the exceptions difficult to comprehend, and thought that argument would be helpful. Unfortunately, the Plaintiff, Robert E. Taglialatela, Jr., experienced a series of personal problems and was unable to attend the argument. At his request, the argument date was continued several times. Finally, I indicated to the parties that I would not require further argument and that the matter was submitted as of May 20, 2016.[2] This is my decision on the exceptions

---

[1] *Taglialatela v. Galvin*, C.A. No. 5841-MA (Feb. 23, 2015) (MASTER'S REPORT).
[2] *Taglialatela v. Galvin*, C.A. No. 5841-MA (May 20, 2016) (LETTER).

to the Master's Final Report of February 23, 2015. For the reasons that follow, the exceptions are DENIED.

This matter involves unfortunate litigation over a family trust created by the current litigants' father (the "Trust") originally containing a single residential property in Maryland. Because the exceptions do not contest the findings of fact of the Master, and because my review indicates that the facts in the Master's 30-page, fact-intense, and tightly reasoned report comport fully with the record, I adopt them here. I will not restate them. It is sufficient to state that the Defendant, Phyllis T. Galvin, was Trustee of the Trust; that in 2010 the Plaintiff, Galvin's brother Robert Taglialatella, filed a *pro se* petition seeking to remove the Defendant as Trustee, and for an accounting; and that a one-day trial before the Master ensued on January 10, 2013. Following trial, the Master removed Galvin as Trustee—in favor of an independent trustee—because of "intractable hostility between her and the other beneficiaries." The Master also ordered an accounting of the Defendant's administration of the Trust "from the date of the sale of the [Maryland residential property] through the date of the issuance" of the Final Order. Daniel T. Crossland, Esquire, was appointed as successor Trustee (the "Successor Trustee") on October 11, 2013.

The Defendant's resulting accounting was filed on August 8, 2013. The Plaintiff took exception to the accounting and hearings were held on December 5,

2013 and May 22, 2014. An amended accounting was then filed by the Defendant. The Master found that "there is no evidence that [the Defendant] breached her fiduciary duty prior to the initiation of this action" but, nonetheless, recommended "that the Court sustain the exceptions to the former [T]rustee's accounting insofar as certain legal fees and costs [in connection with the litigation itself] paid by the Trust did not benefit the Trust." Accordingly, the Master recommended a surcharge of the former Trustee in the amount of $30,778.25, representing the "total of fees and costs paid by the Trust because of the former [T]rustee's breach of fiduciary duty" during the pendency of the action. The Master found that "the remaining exceptions should be dismissed."

Exceptions were taken to the draft report by the Plaintiff and another beneficiary of the Trust. After carefully examining the exceptions, including seven or eight specific exceptions filed by the Plaintiff, the Court added $1,200.00 in legal fees and costs paid by Phyllis that did not benefit the Trust, making a revised total surcharge of $31,987.25 "in legal fees, costs and commissions that were inappropriately paid to law firms or the former [T]rustee in breach of her fiduciary duties." The great bulk of the exceptions were then denied. Otherwise, the draft report was adopted as the final report.

Neither the Defendant, Galvin, nor the other beneficiary excepting to the Draft Report, have taken exception to the Final Report, but the Plaintiff has. Exceptions

to the Report of a Master in Chancery must be resolved by this Court upon a review *de novo*;[3] since the exceptions here do not rely on the credibility of a witness, and in fact do not except to the Master's finding of facts, I need not retry the matter, and may conduct my review upon the record created by the Master.[4]

I have carefully reviewed the record below, both independently and in light of Taglialatella's exceptions. Again, the exceptions are hard to comprehend. To the best of my ability to understand them, there are three exceptions. First, the Plaintiff appears to argue that the Master gave improper "special consideration" to the Defendant who was appearing *pro se*. This Court has historically, as a court of equity, given a certain leeway to *pro se* litigants,[5] and that same consideration has been extended on these exceptions to the Plaintiff himself. The Plaintiff does not point in a coherent way to any undue advantage given the Defendant by the Master. This exception is frivolous, and is denied. Next, the Plaintiff argues that, since the Final Report, there is newly discovered evidence of a "shadow trust banking system" in which, presumably, the Defendant Trustee hid assets belonging to the beneficiaries. If so, the Plaintiff should seek to reopen the exceptions to the accounting.[6] But this unsubstantiated claim of newly discovered evidence is not a

---

[3] *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

[4] *E.g.*, *IMO Estate of Dean*, 2014 WL 4628584, at *1 (Del. Ch. Sept. 17, 2014).

[5] *E.g.*, *Durham v. Grapetree, LLC*, 2014 WL 1980335, at *5 (Del. Ch. May 16, 2014) (citations omitted).

[6] If the Plaintiff has truly located new evidence, he has not sufficiently articulated it here to justify a remand to the Master. Since, in this Letter Opinion, I adopt the Final Report as an Order of the

4

proper ground for exception to a Master's Final Report. Finally, the Plaintiff seeks to have his expenses in connection with the litigation, and his share of the Successor Trustee's fee which has been charged to the Trust, surcharged against the Defendant Trustee. The Master adequately addressed these claims in her thoughtful Final Report. To the extent the Plaintiff is seeking his expenses under an exception to the American Rule based on common benefit to the Trust,[7] I note that—despite taking some positions that have prevailed in this litigation—the Plaintiff has taken many unsuccessful litigation stances in this matter, including the frivolous argument, addressed above, that special consideration was given to the Defendant, and including his many unsuccessful exceptions to the draft report, most of which were abandoned in his exceptions now before me. The fact that his litigation tactics, no matter how well-intentioned, have required excessive litigation, militates strongly against finding that his efforts, on balance, worked a benefit to the Trust. With respect to the costs associated with the Successor Trustee, those were largely incurred due to inter-family animosity which rendered the Defendant Trustee's position untenable; they are not simply the result of the Defendant's breach of trust.

After a *de novo* review of the record and the Master's Final Report, I adopt the Final Report—together with this Letter Opinion—as an Order of this Court. The

---

Court, the Plaintiff must proceed under Court of Chancery Rule 60(b) to reopen the judgment, as he finds appropriate.

[7] *See Dover Historical Soc'y, Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1089 (Del. 2006) (explaining the "common benefit" exception to the American Rule).

Plaintiff's exceptions are DENIED. To the extent the foregoing requires an Order

to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III